IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PHYSICIANS PHARMACEUTICALS, INC., )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    1:06CV687
                                  )
NATIONAL ENZYME COMPANY,          )
                                  )
            Defendant.            )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Defendant has filed a motion to transfer this case to the Western District of Missouri pursuant to 28 U.S.C. § 1404(a). As background, Plaintiff has sued Defendant seeking recovery based on allegations of misrepresentation, breach of contract, negligence, and unjust enrichment. According to Plaintiff, the substance of the complaint is that Defendant sold Plaintiff certain enzyme products, which Plaintiff used in the manufacture of its own products. According to the complaint, these products were not suitable for their intended purpose. Defendant, of course, denies all such allegations.

As grounds for transfer, Defendant shows that it is a Missouri corporation and does not have offices or a place of business in North Carolina, all of the records are maintained in Missouri, and the product was manufactured there. Defendant also states that a number of its employees, both present and former, will be witnesses. It also claims that it has conducted limited business travel to North Carolina. In fact, Defendant contends that it did not solicit the business from Plaintiff, but rather Plaintiff initiated the contacts with Defendant.

Plaintiff opposes the motion, relying on similar factors. It points out that it is a North Carolina corporation with its place of business here. It also maintains its records here and does not have people or offices in the State of Missouri. It further points out that the products were shipped to North Carolina by Defendant. It also claims that many of its employees or former employees may well be witnesses. Moreover, according to Plaintiff, a non-party named Standard Candy, located in Nashville, Tennessee, may have been involved in some part of the manufacture of the products at issue, and that company may become involved in at least the discovery phase of the lawsuit. Plaintiff contends that Nashville, Tennessee, is closer to Forsyth or Guilford County, North Carolina, than it is to the Western District of Missouri.

Plaintiff maintains that Defendant did solicit business from Plaintiff and, therefore, some of Defendant's contentions are erroneous. Finally, Plaintiff points out that the causes of action are based on North Carolina law as a result of injury occurring here and, therefore, North Carolina law will be used, so that it would be easier for this Court, which is more familiar with North Carolina law, to process the case.

## Discussion

In considering a motion to transfer, the Court considers the following factors:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the

premises, if appropriate; (5) enforceability of a
judgment, if one is obtained; (6) relative advantage and
obstacles to a fair trial; (7) other practical problems
that make a trial easy, expeditious, and inexpensive; (8)
administrative difficulties of court congestion; (9)
local interest in having localized controversies settled
at home; (10) appropriateness in having a trial of a
diversity case in a forum that is at home with the state
law that must govern the action; and (11) avoidance of
unnecessary problems with conflicts of laws." <u>Plant
Genetic Sys., N.V. v. Ciba Seeds</u>, 933 F. Supp. 519, 527
(M.D.N.C. 1996)(citing <u>Datasouth Computer Corp. v. Three
Dimensional Techs., Inc.</u>, 719 F. Supp. 446, 450-51
(W.D.N.C. 1989)).

<u>Republic Mortg. Ins. Co. v. Brightware, Inc.</u>, 35 F. Supp. 2d 482 (M.D.N.C. 1999). Here, those factors weigh against a transfer.

The first factor, plaintiffs' choice of forum, normally weighs heavily in the analysis. However, its weight is proportionate to the connection between the causes of action alleged and the chosen forum. <u>Parham v. Weave Corp.</u>, 323 F. Supp. 2d 670 (M.D.N.C. 2004). In the instant case, this factor weighs heavily against a transfer. First, not only is considerable weight accorded to Plaintiff's choice of forum, but also the State of North Carolina has a strong connection with the cause of action, inasmuch as the products were shipped and used here.

With respect to the factors concerning ease of access to proof or witnesses, neither party has shown anything other than each side would be inconvenienced if the witnesses (mostly their employees) had to travel to either North Carolina or Missouri for a trial. In that regard, it is sufficient to note that a motion to transfer should not be granted when it simply shifts the convenience from the defendant to the plaintiff. <u>Plant Genetic Systems, N.V. v.</u>

-3-

Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996). Moreover, with respect to the convenience of witnesses, the ability to procure non-parties is often the more significant factor. The mere listing of the number of potential witnesses without knowing the materiality of the testimony, as the parties have done here, does not provide information necessary to make an informed choice. 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851 (2007). Nor is it generally determinative that employees will be the witnesses. Id. The other factor which militates against a transfer is the fact that, nothing else appearing, it would be better to hold a trial in the court which is most familiar with the state law which will be at issue in a diversity case, which in the instant case would be this Court. The other factors do not have any significant bearing on this case. Defendant does make some argument that the docket in the Western District of Missouri is less crowded than this District. However, once this case gets placed on the master trial calendar, any such distinction would not be significant. For all these reasons, Defendant's motion to transfer should be denied.

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to transfer this case to the Western District of Missouri (docket no. 11) be denied.

_____
United States Magistrate Judge

April 2, 2007